IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MILLIS STOKES,

    Plaintiff,

v.                                                                      Civil Action No. 3:10cv370

COMMONWEALTH OF VIRGINIA
DEPARTMENT OF CORRECTIONS,

    Defendant.

## REPORT AND RECOMMENDATION

This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation on Defendant Commonwealth of Virginia Department of Corrections's ("VDOC") Second Motion to Dismiss.[1] (Docket No. 30.) Plaintiff Millis Stokes has filed a response (Docket No. 32), and VDOC has replied (Docket No. 33). Neither party sought a hearing on the motion, and the Court has determined that the parties have adequately presented the facts and legal contentions on the record such that oral argument would not aid the decisional process. The matter is now ripe for disposition. For the reasons stated below, the undersigned Magistrate Judge RECOMMENDS that VDOC's Motion to Dismiss be DENIED IN PART and GRANTED IN PART.

---

[1] VDOC included proper *Roseboro* notice in its Motion to Dismiss, advising Stokes of the necessity of filing a proper response. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

# I. Factual and Procedural Background[2]

## A. Stokes Employment With VDOC

Stokes's employment with VDOC began in May 1984 and continued for over sixteen years. (Compl. ¶ 4.) (Docket No. 1.) During the time period relevant to this case, Stokes was employed as a Senior Corrections Officer at the Dinwiddie Correctional Unit 027. (Compl. ¶ 4 and Ex. 1.) In July 1997, Stokes filed a grievance against his superiors, and "[t]hereafter, he noticed a change in the treatment of his superiors towards him." (Compl. ¶ 5.) Almost a year later, on May 14, 1998, Superintendent J. H. Snodgrass allegedly issued Stokes a counseling form for conduct committed that same day. (Compl. ¶ 5 and Ex. 2.) This counseling form indicates that Stokes committed the offense of "Insubordination and Intimidation" and contains the following explanation from Snodgrass:

> .... I will not tolerate the cursive and abusive language being used toward other staff members or myself. That type language is not used toward you.
>
> In an attempt to discuss issues with you[,] you got very agitated and stated ... "Do you fear me" and "You don't really know me" and t[old] me that I ain't shit in your book.
>
> If this type incident occurs again you will be subject to a written notice.

(Compl. Ex. 2.) Stokes denies the May 14, 1998 incident and denies that he ever received this counseling form. (Compl. ¶ 5.)

---

[2] The facts recited here are viewed in the light most favorable to Stokes and are derived from the Complaint, documents referenced in or integral to and explicitly relied on in the Complaint, and documents subject to judicial notice. Reliance on these sources is appropriate when considering a motion to dismiss under Rule 12(b)(6). *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

On August 17, 2000, VDOC issued Stokes a Group III Written Notice and terminated Stokes's employment in response to Stokes's alleged insubordinate conduct toward Snodgrass. (Compl. ¶¶ 4-5 and Ex. 1.) According to the termination notice, Snodgrass advised Stokes that dry firing a shotgun was not appropriate and unnecessary. (Compl. Ex. 1.) In response, Stokes informed Snodgrass that he "did not give a shit about what [Snodgrass] said, that [Snodgrass] could not tell [him] anything . . . [and] that [he] did not care for [Snodgrass]." (Compl. Ex. 1.) Stokes denies making these statements. Stokes contends that the termination notice did not indicate Stokes was ineligible for rehire. (Compl. ¶ 6.)

After his termination, Stokes submitted numerous applications for job positions within VDOC. (Compl. ¶¶ 7-8 and Exs. 4-14.) Stokes alleges he was well qualified for the job positions and received favorable recommendations from interviewers. (Compl. ¶¶ 7-8.) Regardless, between May 9, 2003 and February 22, 2008, Stokes received numerous rejection letters from VDOC denying Stokes employment. (Compl. ¶¶ 7-8 and Exs. 4-14.) Some VDOC letters indicated that Stokes was not eligible for rehire. (Compl. Exs. 6, 12, 13.)

### B. Virginia Grievance Proceedings

Subsequent to his termination, Stokes initially sought relief through Virginia grievance proceedings, claiming that the facts alleged in the August 17, 2000 termination notice were false. (Def.'s Mem. of Law in Supp. of the 2nd Mot. to Dismiss the Compl. Pursuant to Fed. R. Civ. P. 12(b)(1) & 12(b)(6) ("Def.'s Mem. Supp."), Ex. A at 1.) The grievance was certified for hearing. (Def.'s Mem. Supp., Ex. A at 1.) On November 7, 2000, after an evidentiary hearing, Hearing Officer Beverly C. Powell denied Stokes's grievance, concluding:

3

> Based upon the preponderance of the evidence, I find that grievant Millis Stokes was insubordinate to Warden Snodgrass. Given the egregiousness of the incident, the grievant's history of insubordination and intimidation, and his utter denial of every instance of such conduct reported by credible and unbiased witnesses, it is clear that termination was the only acceptable sanction. No mitigation would have been appropriate.

(Def.'s Mem. Supp., Ex. A at 4.)

Stokes appealed Powell's decision to the Circuit Court of Dinwiddie County, Virginia ("Circuit Court") pursuant to section 2.2-3006(B) of the Virginia Code.[3] The Circuit Court affirmed Powell's decision, upholding Stokes's termination as not contradictory to law. *Stokes v. Dinwiddie Corr. Unit #27*, No. CL01-05 (Va. Cir. Ct. Oct. 11, 2002); (Def.'s Mem. Supp., Ex. B.) Stokes did not appeal the Circuit Court decision.

### C.  Stokes's Section 1983 Lawsuit

On October 20, 2003, Stokes filed a complaint in this Court against VDOC. *Stokes v. Angelone*, No. 3:03cv869, at 3 (E.D. Va. Feb. 26, 2004), *aff'd*, 110 F. App'x 301 (4th Cir. 2004). Stokes then filed a motion to add/drop defendants, and the suit proceeded solely against Ron Angelone, individually and in his official capacity as the Director of VDOC. *Id.* In this lawsuit, Stokes sought relief, pursuant to 42 U.S.C. § 1983,[4] for alleged substantive and procedural due

---

[3] Section 2.2-3006(B) states in relevant part: "Within 30 days of a final [grievance hearing] decision, a party may appeal on the grounds that the determination is contradictory to law by filing a notice of appeal with the clerk of the circuit court in the jurisdiction in which the grievance arose."

[4] This statute allows a claimant to recover for deprivation of civil rights under color of state law and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

4

process violations. On Feb. 26, 2004, the Honorable Henry E. Hudson dismissed Stokes's amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative for failure to state a claim pursuant to Rule 12(b)(6). *Id.* at 7-8. The Court found that it lacked subject matter jurisdiction after applying the *Rooker-Feldman* doctrine.[5] *Id.* The United States Court of Appeals for the Fourth Circuit affirmed. *Stokes*, 110 F. App'x at 301.

### D. The Instant Complaint

On June 2, 2010, Stokes, proceeding *pro se*, filed a Complaint against VDOC in this Court. The Complaint alleges that VDOC violated Title VII[6] of the Civil Rights Act by refusing to rehire Stokes in retaliation for Stokes's former grievances and his subsequent appeals and efforts to be reinstated following his termination.[7] (Compl. ¶ 8.) Stokes seeks injunctive relief,

---

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

[5] The *Rooker-Feldman* doctrine dictates that lower federal courts lack jurisdiction over a party's challenge to a state court decision. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). The Honorable Henry E. Hudson determined that Stokes's claims were "so intertwined with the prior state circuit court litigation as to necessitate application of the *Rooker-Feldman* doctrine." *Stokes*, No. 3:03cv869, at 7.

[6] 42 U.S.C. § 2000e, *et seq.*

[7] Stokes did not separate into discrete counts the factual allegations and enumerated paragraphs within the Complaint. While Stokes's Complaint contains factual allegations relating to his termination from VDOC, Stokes has verified in subsequent filings that the instant complaint challenges only VDOC's refusal to rehire Stokes:

> [Stokes] contends these failure[s] to hire are due to retaliation for [Stokes's] former grievances against supervisors, litigation against [VDOC], numerous requests to state agencies and legislative bodies, legislators, Attorney Generals and three Governors

5

reinstatement of his employment, back pay and lost benefits, pre-judgment interest, front pay and benefits, and costs. (Compl. at 6.)

Stokes alleges he "has filed a timely charge of discrimination with the [EEOC,] has met all administrative prerequisites for the bringing of this action," and received a March 5, 2010 right to sue letter from the EEOC. (Compl. ¶ 13.) The Charge of Discrimination referenced in Stokes's Complaint alleged retaliation based on refusal to rehire and was filed with the Virginia Council on Human Rights on April 16, 2008. (Def.'s Mem. Supp. Ex. D.) The EEOC issued a Dismissal and Notice of Rights letter on March 5, 2010. (Def.'s Mem. Supp. Ex. D.)

### E. VDOC's Motion to Dismiss

In its Second Motion to Dismiss, VDOC argues that Stokes's Complaint should be dismissed for lack of subject matter jurisdiction or failure to state a claim. VDOC first contends that the Court does not have subject matter jurisdiction over Stokes's claims arising from his termination because of the *Rooker-Feldman* doctrine. (Def.'s Mem. Supp. 5, 8-9.) Next, VDOC argues that the doctrines of res judicata and collateral estoppel bar the instant action because Stokes already pursued claims arising from his termination in both state and federal court. (Def.'s Mem. Supp. 10-21.) VDOC also asserts that Stokes's Complaint is partially barred by the applicable statute of limitations or by Stokes's failure to fully exhaust his administrative

---

> for investigation into [VDOC's] policies and procedures and his subsequent appeals and efforts to be re-instated following the termination in August, 2000.

(Pl.'s Resp. in Opp'n to the Def.'s 2d Mot. Dismiss ("Pl.'s Resp. Opp'n") 12 (Because this document does not contain page numbers, the Court refers to the pages as numbered by CM/ECF.); *see also* Pl.'s Resp. Opp'n 3-4.) Stokes confirms that allegations related to "prior proceedings and history [were] mentioned as background information" and "explain [his] frustration, action, search for relief, resolution and reasoning why the current complaint has been filed." (Pl.'s Resp. Opp'n 5.)

remedies. (Def.'s Mem. Supp. 21-23.) Finally, VDOC contends that this Court must dismiss Stokes's Complaint because Stokes cannot make out a prima facie case for his retaliation claim. (Def.'s Mem. Supp. 25.)

In response, Stokes confirmed that his instant complaint does not challenge the underlying termination and does not raise what he perceived to be procedural violations or irregularities in the underlying state grievance proceeding. Instead, Stokes's Complaint alleges retaliatory refusal to rehire.

Given this concession, VDOC's arguments regarding the application of the *Rooker-Feldman* doctrine, res judicata, and collateral estoppel no longer apply, and in that respect, VDOC's Second Motion to Dismiss will be DENIED AS MOOT. The Court, however, still must address whether Stokes's Complaint is partially barred by the applicable statute of limitations, whether Stokes has properly exhausted his administrative remedies, and whether Stokes's Complaint should be dismissed for failure to state a claim.

## II. Standard of Review

### A. Rule 12(b)(1): Lack of Subject Matter Jurisdiction

VDOC first moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In a motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the plaintiff, the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996), citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

7

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) can attack subject matter jurisdiction in two ways. First, a 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject matter jurisdiction can lie. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a challenge, a court assumes the truth of the facts alleged by plaintiff, thereby functionally affording the plaintiff the same procedural protection he or she would receive under Rule 12(b)(6) consideration. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

However, a 12(b)(1) dismissal may also, as here, challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a challenge, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

If the facts necessary to determine jurisdiction are intertwined with the facts central to the merits of the dispute, the proper course of action is for the court to find that jurisdiction exists and then to resolve the factual dispute on the merits unless the claim is made solely for the purpose of obtaining jurisdiction, or is determined to be wholly insubstantial and frivolous. *Adams*, 697 F.2d at 1219; *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

B.   Rule 12(b)(6):  Failure to State a Claim

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

"Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). Thus, a Rule 12(b)(6) motion may seek dismissal based on an applicable statute of limitations in certain circumstances.

### III. Analysis

#### A. Stokes's Retaliatory Refusal to Rehire Claim Is Partially Barred by the Statute of Limitations

To pursue a Title VII claim in federal court in Virginia, a plaintiff must exhaust his or her administrative remedies by filing a charge with the EEOC within 180 days of the alleged misconduct or, in the case of Virginia residents, with the Virginia Human Rights Council within 300 days of the date the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1); *Williams v. Giant Food, Inc.*, 370 F.3d 423, 428 (4th Cir. 2004); *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 440 (4th Cir. 1998). The filing period has the effect of a statute of

10

limitations in that it bars actions where the complainant has not filed timely charges with the EEOC. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Because Stokes filed his charge of discrimination with the Virginia Council on Human Rights on April 16, 2008, the statute of limitations for Title VII actions bars claims predicated on discrete acts of discrimination occurring before June 21, 2007.[8] *See White v. BFI Waste Servs.*, 375 F.3d 288, 292 (4th Cir. 2004).

### B. The Court Has Subject Matter Jurisdiction Over the Alleged Discrete Acts of Retaliation Occurring on or Subsequent to June 21, 2007

Although Stokes's Complaint asserts numerous instances between May 8, 2003 and February 22, 2008 where VDOC rejected his application for employment (Compl. ¶¶ 7-8 and Exs. 4-14), only two instances are not barred by the applicable statute of limitations: the December 4, 2007 and the February 22, 2008 rejections. VDOC, however, contends that, based on Stokes's charge of discrimination, this Court has jurisdiction only over the February 22, 2008 rejection.

If the plaintiff has failed to exhaust administrative remedies concerning a Title VII claim, the court lacks subject matter jurisdiction over the claim. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). The EEOC charge, which "must be in writing and verified under oath or affirmation under penalty of perjury," defines the scope of the plaintiff's right to sue. *Id.* "If a plaintiff's claims in [his or] her judicial complaint are reasonably related to [his or] her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff

---

[8] The Court declines to address VDOC's arguments respecting any other charges of discrimination filed by Stokes because Stokes has verified that any claim raised in his Complaint corresponds to his April 16, 2008 charge of discrimination. (Pl.'s Resp. Opp'n 4.)

11

may advance such claims in [his or] her subsequent civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). "[T]he factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). "[I]f the factual foundation in the administrative charge is too vague to support a claim that is later presented in subsequent litigation, that claim will also be procedurally barred." *Id.* In addition, courts bar claims that allege discrimination on a different basis, of a different type, or of a different scope than the plaintiff alleged in the administrative charge. *Id.* "At the same time, however, lawyers do not typically complete the administrative charges, and so courts construe them liberally." *Id.*

Stokes's April 16, 2008 charge of discrimination alleges retaliation, stating: "On January 16, 2008, I applied for the position of Correction Officer. On February 22, 2008, I was notified that I was not selected for the Correction Officer position. . . . I believe that I was denied hire in retaliation for filing several discrimination charges in the past . . . ." (Def.'s Mem. Supp. Ex. J.) On the charge of discrimination, Stokes also listed the earliest date discrimination took place as January 16, 2008 and the latest date discrimination took place as February 22, 2008. Despite the limited scope of this charge of discrimination, any claim related to the December 4, 2007 rejection is both reasonably related to the allegations in Stokes's charge of discrimination and can be expected to follow from a reasonable administrative investigation. *Edwards v. Murphy-Brown, LLC*, No. 2:10cv165, 2011 LEXIS 4088, at *45-48, 760 F. Supp. 2d 607, __ (E.D. Va. Jan. 4, 2011); *see also Smith*, 202 F.3d at 247. The Court may thus exercise jurisdiction over Stokes's retaliation claim to the extent he challenges VDOC's December 4, 2007 and February 22, 2008 rejections.

C.  **Stokes's Complaint Sufficiently States a Claim for Relief under Title VII**

VDOC next contends that Stokes's retaliatory refusal to rehire claim must be dismissed for failure to state a claim. To assert a retaliation claim, Stokes must allege that: (1) he was engaged in a protected activity; (2) the employer acted adversely against him; and, (3) the protected activity was causally connected to the adverse action. *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 258 (4th Cir. 1998). Merely restating these elements, however, or attempting to satisfy them with nothing more than conclusory allegations, is insufficient to survive a motion to dismiss. Instead, a plaintiff must present factual allegations sufficient to raise a right to relief under Title VII above the speculative level.

Stokes's Complaint alleges that he applied for positions within VDOC, that an interviewer determined Stokes was a good candidate with outstanding skills and experience, that VDOC documentation did not indicate he was ineligible for rehire, that VDOC rejected his applications despite the interviewer's good recommendation, and that the rejections were due to former grievances and charges filed by Stokes. Viewing the well-pleaded allegations as true and in the light most favorable to Stokes, Stokes's Complaint presents factual allegations sufficient to state a claim for relief under Title VII.

VDOC argues that Stokes's Complaint does not properly allege the second and third elements of a retaliation claim. VDOC first contends that Stokes cannot demonstrate an adverse employment action because he was ineligible for hire. However, in doing so, VDOC merely disputes Stokes's factual allegations and interpretations of a particular document or notation. VDOC thus blurs the distinction between a motion to dismiss and a summary judgment motion. *Martin*, 980 F.2d at 952 (stating it is improper to "resolve contests surrounding the facts, the

merits of a claim, or the applicability of defenses" when reviewing a motion to dismiss). Given the procedural posture of the case, the Court declines to resolve this factual dispute.

VDOC next contends that the length of time between the alleged protected activity and the alleged adverse employment actions insufficiently supports any inference of causation. However, a lapse in time alone "'does not inevitably foreclose a finding of causality.'" *Turpin v. WellPoint Cos.*, No. 3:10cv850, 2011 WL 2078021, at *4 (E.D. Va. May 25, 2011) (*quoting Dixon v. Gonzalez*, 481 F.3d 324, 335 (6th Cir. 2007)). Viewing the well-pleaded allegations as true and in the light most favorable to Stokes, a causal connection can be reasonably inferred based on Stokes's allegations, even in the absence of any temporal proximity. *Harman v. Unisys Corp.*, 746 F. Supp. 2d 755, 763 (E.D. Va. 2010) (stating a plaintiff need not show an absolute connection between the protected activity and the adverse employment action to survive a motion to dismiss because a reasonable inference is all that is required).

## IV. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that VDOC's Second Motion to Dismiss be DENIED IN PART and GRANTED IN PART. Accordingly, the undersigned RECOMMENDS that the Court allow Stokes's Complaint to proceed only to the extent it alleges retaliatory refusal to rehire based on VDOC's December 4, 2007 and February 22, 2008 rejections of Stokes's applications for employment.

The parties are ADVISED that they may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Each objection should be labeled with the corresponding heading from the Report and Recommendation, should be numbered, and should identify with specificity the legal or factual deficiencies of the Magistrate

Judge's findings. Failure to file specific objections to the Report and Recommendation in a timely manner may result in the entry of an Order dismissing the complaint. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such order. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

The Clerk is directed to send a copy of the Report and Recommendation to Stokes, to counsel of record, and to the Honorable Robert E. Payne.

/s/ 
M. Hannah Lauck
United States Magistrate Judge

Date: 7-1-11
Richmond, Virginia